BOYER, Judge.
The State (appellant here) appeals an order dismissing an information and case against defendant (appellee here) on the grounds that the case was a juvenile one not subject to indictment for adult prosecution.
A petition for detention was filed against defendant alleging shoplifting (case no. 77-710-CJ) and possession of more than five grams of cannabis (case no. 77-648-CJ). Subsequently, a delinquency petition was filed against defendant in case no. 77-648-CJ. The state moved to transfer the cause to circuit court and the motion was granted. Thereafter, the state filed an information against defendant charging him with possession of more than five grams of cannabis. However, the state did not seek to *1306 have defendant tried as an adult on the shoplifting charge (case no. 77-710-CJ). In a separate proceeding, a juvenile judge adjudicated defendant delinquent on the shoplifting charge and committed him to the Youth Services Program. As a result of that adjudication of delinquency and com-mittment to the Youth Services Program, defendant moved to dismiss the cannabis charge against him on the grounds that implicit in the committment to the Youth Services Program was at least the belief or fact that the defendant was amenable to juvenile treatment and that therefore, the order waiving juvenile jurisdiction was improper and the case didn’t belong in circuit court. The trial court agreed and ordered the cannabis case dismissed on the grounds that the intervening juvenile referral divested the circuit court of jurisdiction over defendant as an adult. The state seeks reversal of that order.
We reverse.
The intervening juvenile referral in the shoplifting case did not automatically divest the circuit court of jurisdiction over defendant as an adult in the cannabis case. This court recognizes that the adult division of the circuit court may reconsider an order waiving juvenile jurisdiction where evidence is present to show reasonable prospects for rehabilitation in the juvenile system. However, the only evidence present in this case showing prospects for rehabilitation is the defendant’s committment as a juvenile on the shoplifting charge. Such evidence is relevant on reconsideration but such evidence does not require the adult division of the circuit court to divest itself of jurisdiction over defendant on a related charge.
Accordingly, this case is remanded to the circuit court with directions that it reconsider its decision in light of this court’s holding here that defendant’s committment as a juvenile on the shoplifting charge does not require the adult division of the circuit court to divest itself of jurisdiction over defendant on the cannabis charge.
It is so ordered.
McCORD, C. J., and MELVIN, J., concur.